Herbert Cox, Appellant, *v.* Lykes Brothers, Defendant, Impleaded with United States Shipping Board Emergency Fleet Corporation, Respondent.

First Department, February 9, 1923.

**Ships and shipping — action by seaman on vessel operated by United States Shipping Board Emergency Fleet Corporation to recover penalty for withholding wages provided by U. S. Revised Statutes, § 4529 — State courts do not have jurisdiction — release of all claim for wages did not bar right to recover — U. S. Revised Statutes, § 4530, construed — action maintainable against United States Shipping Board Emergency Fleet Corporation.**

The State courts do not have jurisdiction of an action by a seaman employed upon a vessel operated by the United States Shipping Board Emergency Fleet Corporation to recover the penalty provided by section 4529 of the United States Revised Statutes for withholding his wages wrongfully.

The release of all claim for wages given by the seaman at the time he received his regular wages, which release was given in the regular routine of the work and in accordance with the statute, should not be given effect as releasing the plaintiff's cause of action for the penalty, since the court is given discretion under section 4530 of the United States Revised Statutes to determine what effect should be given to the release in the promotion of justice.

The claim for the penalty was properly made under section 4529 of the United States Revised Statues against the United States Shipping Board Emergency Fleet Corporation, for that corporation may be deemed to be *pro hac vice* the owner of the vessel in view of the fact that it had the absolute control thereof, received all the moneys paid for transportation thereupon, and paid the wages of all the employees.

Appeal by the plaintiff, Herbert Cox, from a determination of the Appellate Term of the Supreme Court, First Department,

entered in the office of the clerk of the county of New York on the 28th day of June, 1921, reversing a judgment of the Municipal Court of the City of New York, Borough of Manhattan, First District, in favor of the plaintiff and against the respondent.

The complaint was dismissed by the trial court as against the defendant Lykes Brothers.

*Silas B. Axtell,* for the appellant.

*Burlingham, Veeder, Masten & Fearey* [*H. H. Breland* of counsel], for the respondent.

SMITH, J.:

The plaintiff was a seaman upon a vessel operated by the defendant United States Shipping Board Emergency Fleet Corporation, and brought this action to recover under section 4529 of the United States Revised Statutes, for two days' pay for each day that his wages were, as he claims, wrongfully withheld. A recovery was had in the Municipal Court, which was reversed in the Appellate Term on the ground that the statutory penalty could be recovered only from the master or owner of the vessel, and not from the operator, United States Shipping Board Emergency Fleet Corporation, and on the further ground that the release executed by the plaintiff barred this action.

I think that it is a complete defense to this action that the State court has no jurisdiction thereof. While it is provided by section 4529 of the United States Revised Statutes (as amd. by Seamen's Act, 1915 [38 U. S. Stat. at Large, 1164], § 3, also known as La Follette Act) that where a master or owner refuses or neglects to make payment in the manner provided without sufficient cause, he shall pay to the seaman a sum equal to two days' pay for each and every day during which payment is delayed beyond the respective periods, *which sum shall be recoverable as wages in any claim made before the court,* the statute in effect creates a penalty for the failure to promptly pay these wages, but authorizes the recovery as wages in any claim made before the court. This statute has been before the United States courts for construction in several cases, in which it has been held that the statutes were designed for the protection of the seamen, to prevent the abuse of witholding their pay, and thereby keeping them in port at expense and out of employment while waiting for a settlement. It is liquidated indemnity for such enforced expense and delay. It is further held that in order to make this action more efficient to compel the master or owners to pay the sailors, the special privilege given to such a sailor's action was intended by the statute to enforce this purpose; thus he was to have a lien

upon the ship for any judgment recovered in an action for wages. He was not required to give a bond for costs. The provision of the statute, however, is not that the penalty may be recoverable as wages in any court in which it may be brought, but simply that it may be recoverable as wages " in any claim made before the court." This would seem to me clearly to contemplate that the action was one of which the court would have had jurisdiction, irrespective of this phrase in the statute, and if it had been intended to give jurisdiction to the State court of such an action, which concededly without such intention could be brought only in the United States court, such intention would have been more clearly expressed.

The regular wages were afterwards paid and a release was given for all claim for wages. These releases should be strictly construed. This was not a claim for wages, strictly speaking, but was a claim for this penalty, call it what you may. It was not covered, therefore, I think by the release. It is argued by the plaintiff here that the recovery of this penalty was incidental only to the recovery of wages. If that proposition were sustained, there would be difficulty in holding a right of recovery for the penalty after the acceptance of the wages actually due, as it has been held uniformly that, where an amount is due with interest, the acceptance of the principal sum bars the right of action for interest, because the interest is incidental only to the principal sum owing. The holding that this was a penalty and was not merely incidental to the recovery of wages, would, therefore, become necessary in order to avoid the legal effect of the acceptance of the wages as a release of all incidental rights which were attached thereto.

By section 4530 of the United States Revised Statutes (as amd. by Seamen's Act, 1915 [38 U. S. Stat. at Large, 1165], § 4, also known as La Follette Act; since amd. by Merchant Marine Act, 1920 [41 U. S. Stat. at Large, 1006], § 31, also known as Jones Act) it is provided that, when a voyage is ended, every seaman shall be entitled to the remainder of the wages which shall then be due him, as provided in section 4529. The section further provides: " Provided further, that notwithstanding any release signed by any seaman under section 4552 of the Revised Statutes any court having jurisdiction may upon good cause shown set aside such release and take such action as justice shall require." The court in which the action is tried is thus given practically a discretion whether or not it will give effect to the release, or rather as to whether an effect should be given to it in promotion of justice. This release was given under the regular routine of the work and in accordance with the statute, and should not, in the case at bar, be given effect as releasing the plaintiff's cause of action for this penalty.

I am of opinion also that the claim may properly be made against the United States Shipping Board Emergency Fleet Corporation. This corporation had the absolute control of this ship, received all the moneys paid for transportation thereupon, and paid all the wages of the employees. Under such circumstances I think the United States Shipping Board Emergency Fleet Corporation may be deemed to be *pro hac vice* the owner of this vessel. (See *Drinkwater* v. *The Spartan*, 7 Fed. Cas. 1085, case No. 4085; *Scarff* v. *Metcalf*, 107 N. Y. 211, 217; *Everett* v. *U. S.*, 277 Fed. Rep. 259; *Reed* v. *United States*, 78 U. S. [11 Wall.] 591; *Ingersoll-Rand Co.* v. *U. S. Shipping Board E. F. C.*, 195 App. Div. 838.)

The complaint was dismissed in the Municipal Court against Lykes Brothers, and no appeal was taken therefrom to the Appellate Term, so that its liability is not here involved.

In our judgment the determination of the Appellate Term should, therefore, be affirmed, with costs.

CLARKE, P. J., MERRELL and McAVOY, JJ., concur.

Determination affirmed, with costs.