[No. 18464. *En Banc.* January 8, 1925.]

ANNA ROSWALL, *as Administratrix of the Estate of Oscar Roswall, Deceased, Appellant,* v. GRAYS HARBOR STEVEDORE COMPANY, *Respondent.*[1]

ADMIRALTY (3, 4)—DEATH (4)—RIGHT OF ACTION—MARITIME TORTS —WRONGFUL DEATH—JURISDICTION OF COURTS. A stevedore, employed in loading a vessel in the navigable waters of an inland bay of the high seas, is engaged in a maritime service, so that the rights and liabilities of the parties upon his wrongful death are measured by the maritime law, as supplemented by the state death statutes, Rem. Comp. Stat., § 183, giving a right of action *in personam* to the personal representative of the deceased.

MASTER AND SERVANT (20-1)—WORKMEN'S COMPENSATION ACT— SCOPE—ACTION FOR WRONGFUL DEATH—MARITIME TORTS—JURISDICTION. The right of action given by Rem. Comp. Stat., § 183, for wrongful death to the personal representative of the deceased, the general application of which extends to maritime torts, is not abolished by the workmen's compensation act abolishing all civil remedies in extra-hazardous employment; in view of § 27 of the act (Rem. Comp. Stat., § 7706) providing that the act shall not apply to an employer adjudicated to be outside the lawful scope of the act, and in view of the fact that maritime employments have been adjudicated to be outside the scope thereof.

MAIN, C. J., and BRIDGES, J., dissent.

Appeal from a judgment of the superior court for Grays Harbor county, Sheeks, J., entered July 7, 1923, upon sustaining a demurrer to the complaint, dismissing an action for wrongful death. Reversed.

*A. M. Abel* and *W. H. Abel,* for appellant.

*Theodore B. Bruener (John W. Roberts,* of counsel), for respondent.

FULLERTON, J.—The appellant, Anna Roswall, as the administratrix of the estate of Oscar Roswall, deceased, brought this action against the respondent, Grays Harbor Stevedore Company, to recover in dam-

[1]Reported in 231 Pac. 934.

ages as for the wrongful death of her intestate. To her complaint the respondent interposed a demurrer, which the trial court sustained. The appellant thereupon elected to stand on her complaint and refused to plead further, whereupon the trial court entered a judgment dismissing her action with costs. The appeal is from the judgment so entered.

To an understanding of the questions argued on the appeal, it is sufficient to set forth the complaint in substance only. It appears therefrom that the respondent is a stevedoring corporation engaged in the business of loading and unloading ocean-going vessels; that it contracted to load with lumber an ocean-going vessel then in the navigable waters of Willapa Harbor, an inland bay situated in the state of Washington, navigable from the high seas; that it employed the appellant's intestate as a stevedore to assist in loading the vessel, requiring him to work on board thereof storing lumber in its proper place, brought thereon by others of its employees; and that, while such intestate was on board the vessel, and while in the due course of his employment, he received injuries, caused by the wrongful act, neglect, and default of the respondent, from which he shortly thereafter died.

It is at once apparent from the foregoing outline of the complaint that the injured employee was, at the time he received his injuries, engaged in a maritime service, and that the rights and liabilities of the parties are measured by the maritime law. *The Plymouth,* 3 Wall. (U. S.) 20. It is not, however, the rule that this fact alone will bar an action in the common law courts of the state to recover for the death of the employee. While the general maritime law, like the common law, gave no right of action for a wrongful death, it is generally held by the courts that the maritime law in this respect may be supplemented by state death statutes,

and that where there is such a statute, although local in its application, a recovery may be had in an action *in personam* brought in a common law court for a marine tort occurring on navigable waters within the jurisdiction of the state. *Steamboat Co. v. Chase,* 16 Wall. (U. S.) 522; *Sherlock v. Alling,* 93 U. S. 99; *Western Fuel Co. v. Garcia,* 257 U. S. 233; *Great Lakes Dredge & Dock Co. v. Kierejewski,* 261 U. S. 479; *The City of Norfolk,* 55 Fed. 98; *State of Maryland, to the Use of Szczesek, v. Hamburg-American Steam Packet Co.,* 190 Fed. 240; *Atlantic Transport Co. v. State of Maryland, to the Use of Szczesek,* 234 U. S. 63.

In the first of the cited cases it is said:

"Statutes have been passed in many of the states giving a remedy in such cases, [that is, death arising from a wrongful act] and in the case of *Hiner v. The Sea Gull,* the Chief Justice held in a case where the suit was brought by the husband to recover damages to himself for the death of his wife, occasioned by the fault of the defendant, that the suit was maintainable.

"Sufficient has already been remarked to show that the State courts have jurisdiction if the admiralty courts have no jurisdiction, and a few observations will serve to show that the jurisdiction of the State courts is equally undeniable if it is determined that the case is within the jurisdiction of the admiralty courts. Much discussion of that topic cannot be necessary, as several decisions of this court have established that rule as applicable in all cases where the action in the State court is in form a common-law action against the person, without any of the ingredients of a proceeding *in rem* to enforce a maritime lien. Where the suit is *in rem* against the thing, the original jurisdiction is exclusive in the District Courts, as provided in the ninth section of the Judiciary Act; but when the suit is *in personam* against the owner, the party seeking redress may proceed by libel in the District Court, or he may, at his election, proceed in an action at law, either in the Circuit Court if he and the defendant are citizens of different States, or in a State court as in other cases

of actions cognizable in the State and Federal Courts exercising jurisdiction in common-law cases, as provided in the eleventh section of the Judiciary Act.  He may have an action at law, in the case supposed, either in the Circuit Court or in a State court, because the common law in such a case is competent to give him a remedy, and wherever the common law in such a case is competent to give a party a remedy, the right to such a remedy is reserved and secured to suitors by the saving clause contained in the ninth section of the Judiciary Act.''

In *Western Fuel Co. v. Garcia, supra,* it is said:

''As the logical result of prior decisions we think it follows that, where death upon such waters results from a maritime tort committed on navigable waters within a State whose statutes give a right of action on account of death by wrongful act, the admiralty courts will entertain a libel *in personam* for the damages sustained by those to whom such right is given.  The subject is maritime and local in character and the specified modification of or supplement to the rule applied in admiralty courts, when following the common law, will not work material prejudice to the characteristic features of the general maritime law, nor interfere with the proper harmony and uniformity of that law in its international and interstate relations.  *Southern Pacific Co. v. Jensen,* 244 U. S. 205.''

But notwithstanding the action may be brought in a common law court, the action when so brought is not to be measured by common law standards.  The Federal statute gives to the suitor the remedy of the common law, not the right of the common law, and the action wherever brought is one of maritime cognizance, although necessarily to be supplemented by a state statute. *Heino v. Libby, McNeill & Libby,* 116 Wash. 148, 205 Pac. 854; *Chelentis v. Luckenbach S. S. Co.,* 247 U. S. 372.

This state has had upon its statute books from the earliest times statutes conferring a right of action for

wrongful death, the latest enactment on the subject being found in the Laws of 1917, at page 495. (Rem. Comp. Stat., § 183 *et seq.*) [P. C. § 8259.] It provides that, when the death of a person is caused by the wrongful act, neglect or default of another, his personal representative may maintain an action for damages against the person causing the death. Were there no other considerations therefor than those above noted, it seems plain that the action instituted by the appellant would lie.

The respondent, however, founds its claim of nonliability on the provisions of the workmen's compensation act. This act is sufficiently familiar as not now to require a detailed statement of its provisions. Generally, with respect to all extra-hazardous employments, of which stevedoring is one, it withdraws from private controversy all questions with respect to compensation for injuries received by a workman while engaged in such employments, and relegates him, or in case of his death, his dependents, to a private fund created to afford such compensation; and to that end abolishes all civil actions and all civil causes of action and all jurisdiction of the courts over such controversies. The act, however, contains some important exceptions. Its effect is limited to those causes over which the state has jurisdiction, and by a special section (§ 27 of the original act) [Laws of 1911, p. 372; Rem. Comp. Stat., § 7706], provides that "if any employer shall be adjudicated to be outside the lawful scope of this act, the act shall not apply to him or his workman, . . ." The question is then narrowed to the inquiry whether the tort causing the death of the plaintiff's intestate is within the compass of the act. Our holdings have been that it is not. In *State ex rel Jarvis v. Daggett,* 87 Wash. 253, 151 Pac. 648, the question arose whether employers of labor engaged in maritime occupations

were liable for the premiums provided for in the act. We held that they were not, using this language:

"The maritime law being a part of the law of the United States, the legislature of a state has no power to modify or abrogate it. *Workman v. New York City,* 179 U. S. 552. It follows, therefore, that the legislature in passing the compensation act could not take from a workman any right which he had under the maritime law of the United States. The petitioner here still has the right to pursue his remedy in admiralty. Gathering the purposes of the act from all its provisions, we think it could not have been the legislative intent to attempt to encroach upon the admiralty jurisdiction of the Federal court. The excerpt from the first section of the act, above quoted, substitutes the provisions of the act for every other remedy, proceeding, or compensation, except as therein provided, which proviso is not here material, as it does not bear upon the question. This declaration is followed by the clause which abolishes all civil actions and civil causes of action for personal injuries, and all jurisdiction of the state courts over such causes. It seems to be the purpose of the act to give the relief therein granted where the legislature had the power to abolish every other remedy. If companies operating boats upon Puget Sound are within the act, then they may be compelled to pay the percentage of their pay rolls specified, and yet be subject to a right of action in admiralty; while other persons or corporations engaged in a hazardous business not covered by admiralty law would be completely protected against the pursuit of any other remedy or proceeding. The owner of a steamboat, if he should pay the percentage of his pay roll specified, and his injured seamen should pursue their remedy in admiralty, would receive no protection from the act, and yet would be subject to its burdens. If the act were given this construction, it might well be doubted whether it would not offend against that provision of the fourteenth amendment to the constitution of the United States which provides that no state shall make or enforce any law which shall 'deny to any person within its jurisdiction the equal protection of the laws.'"

After that decision the Congress of the United States passed an act thought to enlarge the scope of the act, and to bring laborers engaged in maritime occupations within its provisions. The industrial insurance commission, having in charge the enforcement of the act, made demand upon certain employers of labor for premiums, and on their refusal to comply with the demand, instituted a proceeding to compel them so to do. We again held they were not liable, and on appeal to the supreme court of the United States our conclusion was affirmed. *State v. Dawson & Co.*, 122 Wash. 572, 211 Pac. 724, 212 Pac. 1059; *State v. Dawson & Co.*, 264 U. S. 219.

In *Shaughnessy v. Northland Steamship Co.*, 94 Wash. 325, 162 Pac. 546, Ann. Cas. 1918B 655, the plaintiff was injured while working in the hold of a steamship assisting in its unloading. He was injured because of the neglect of the steamship company, and brought an action in the state court to recover therefor. He succeeded in the court below, and on appeal one of the grounds urged for reversal was that the action was barred by the workmen's compensation act. We held to the contrary, saying that ". . . both the appellant and respondent are 'outside the lawful scope of this act,' that none of the rights of either of them are in the least changed or lessened by its provisions, and that their rights and remedies remain unimpaired as if the act had never become the law of the state." The same holding on a similar state of facts was made by us in *Lund v. Griffiths & Sprague Stevedoring Co.*, 108 Wash. 220, 183 Pac. 123.

It is urged that these cases are not controlling in the present case because of the difference in the facts. It is pointed out that the actions in which recovery was allowed were actions brought by injured workmen to recover for personal injuries, while the present ac-

tion is one brought by the personal representative of
the workman to recover for his death, and it is argued
that the latter action has its foundation not in the com-
mon or maritime law but on statute, and that the legis-
lature has the power to abolish a death statute, even
though it may grant no other remedy, and the conclu-
sion is drawn that it has done so in the workmen's com-
pensation act. But we think this mistakes the prin-
ciple upon which the cases are founded. Our holdings
are that maritime employments are without the scope
of the compensation act, and that the remedies the law
affords for injuries occurring in such employments are
in no wise affected or impaired by the act. The act, it
will be remembered, abolishes actions for personal in-
juries as well as actions for wrongful death, and if the
one is not abolished in cases of marine torts, it is dif-
ficult to see why the other is so. This being the rule,
it would seem to follow as of course that the remedy
the law affords for a death caused by a maritime tort
remains unimpaired, even though that remedy may be
in part statutory. The compensation act does not abol-
ish the remedy of the death statute entirely. It abol-
ishes the remedy only in those causes falling within the
scope of the act—torts causing injury or death in extra-
hazardous occupations over which the state has sole
and exclusive jurisdiction—not those wherein it does
not afford a complete remedy for both the employer
and the employee.

Our conclusion is that the trial court erred in sus-
taining the demurrer to the complaint. The judgment
of that court is therefore reversed, with instructions to
overrule the demurrer and grant the respondent leave
to answer over to the complaint.

HOLCOMB, TOLMAN, MACKINTOSH, MITCHELL, PEMBER-
TON, and PARKER, JJ., concur.

MAIN, C. J. (dissenting)—Neither admiralty nor the common law gave any right of action for injuries resulting in death. If any such action may now be maintained, it must be based on some state legislation. We have such an act (§ 183 *et seq.,* Rem. Comp. Stat.) [P. C. § 8259], commonly known as the death statute. But, in my opinion, it gives a right of action only where the injury was received while engaged in an occupation which is classed as nonextra-hazardous. This because our workmen's compensation act destroyed all right of action where the injury was received while the person was engaged in an extra-hazardous occupation. That legislation expressly provides that stevedoring is an extra-hazardous occupation. The provision of that act to the effect that it applies only to those causes over which the state has jurisdiction does not, in my opinion, stand against my assertions; because, while the injury here was received while engaged in maritime work, yet the action is based on state legislation, without which no action could have been maintained under any circumstances. I cannot avoid the conclusion that our death statute does not give a right of action under the circumstances shown here. I am therefore forced to dissent.

BRIDGES, J. (dissenting)—I concur in what is said by Judge Main.