In the Matter of SIGMAR K. R. HILFER, Appellant, against BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK, Respondent.

Argued May 21, 1940; decided July 24, 1940.

*Roy P. Monahan, Arthur C. Goldberg* and *James F. Sharkey* for appellant. The Legislature intended that subdivision 4 of section 1265 of the Education Law (Cons. Laws, ch. 16) should be strictly complied with. (*People ex rel. Lawton* v. *Snell*, 216 N. Y. 527; *Wuesthoff* v. *Germania Life Ins. Co.*, 107 N. Y. 580; *People ex rel. Barnes* v. *Gardner*, 24 N. Y. 583; *People ex rel. Greenberg* v. *Reid*, 151 App. Div. 324; *Bradley* v. *Buffalo, N. Y. & E. R. R. Co.*, 34 N. Y. 427; *State* v. *Robinson*, 253 Mo. 271.)

*John J. Bennett, Jr., Attorney-General (Bernard Bienstock* of counsel), for respondent. The procedure and findings of the Medical Grievance Committee were in conformity with the provisions of section 1265 of the Education Law (Cons. Laws, ch. 16). (*Salducco* v. *Etkin*, 268 N. Y. 606.)

LEWIS, J. In a proceeding under article 78 of the Civil Practice Act we review an order of the Appellate Division confirming a determination by the Board of Regents of the University of the State of New York which suspended for two years the petitioner's license to practice medicine.

At the threshold of our inquiry a question of procedure arises which controls our decision.

Having been charged under the provisions of section 1264, subdivision 2 (a) of the Education Law (Cons. Laws, ch. 16) with fraud and deceit in the practice of medicine, the petitioner, as a duly licensed physician, was entitled to have his guilt determined in accord with the definite procedure prescribed by the Legislature. Under section 1265 of the Education Law provision is made for the appointment by the Board of Regents of a " Committee on Grievances " consisting of ten members whose qualifications and tenure are clearly defined. To that committee is granted statutory jurisdiction " to hear all charges against duly licensed physicians of this state " for certain statutory violations, including the charges preferred against the present appellant (§ 1265, subd. 4). After a hearing upon such charges the committee shall determine the same upon the merits and transmit its determination with the record to the Department of Education which, after due notice and a hearing and in the event such practitioner is found guilty, may revoke or suspend his license or impose such disciplinary measures as the facts warrant. As to procedure before the Committee on Grievances, the statute provides that after written charges have been filed and a copy thereof and notice of the time and place of a hearing thereupon have been served upon the accused practitioner, the chairman may appoint a subcommittee which shall hear the charges in the first instance and make a written report of its findings and recommendations to the Grievance Committee. The statute further provides that " said grievance committee may thereupon act upon said recommendation as it shall deem fit, or may take further testimony if the same seem desirable in the interest of justice." (§ 1265, subd. 4.)

Then follows prescribed procedure which, in one vital requirement, was not followed in the proceeding before us: " * * * the said committee shall determine said charges upon their merits (*the vote of each member of said committee to be recorded* as part of the committee's findings). *If by unanimous vote* the practitioner is found guilty of such charges or any of them, said committee shall transmit to the

department the record, findings and determination wherein
and whereby such practitioner has been found guilty, and
their recommendation, and the regents after due hearing
shall in their discretion execute an order accepting or
modifying such determination of said committee as herein-
above provided. If the practitioner is found not guilty,
said committee shall order a dismissal of the charges, and
the exoneration of the accused." (Emphasis supplied.)
(Education Law, § 1265, subd. 4.)

We are convinced by the record that the Committee on
Grievances and its subcommittee before which the charges
were heard, were constituted according to statutory require-
ments and that the appellant's challenge in that regard is
without merit.

We, therefore, pass to a consideration of the vote by the
Committee on Grievances upon the resolution offered at its
meeting of December 1, 1938, which purports to have
determined on the merits that the appellant was guilty of
fraud and deceit in the practice of medicine as charged.
The record shows that the entire Grievance Committee —
comprising ten members — were present at that meeting.
However, it appears from the minutes of the meeting,
that only nine members voted for the resolution. One
member is recorded as " not voting."

It is suggested by counsel for the respondent that although
adopted by a non-unanimous vote of the committee members
the resolution of December 1, 1938, which determined on
the merits that appellant was " guilty of the charges of fraud
and deceit in the practice of medicine " was made legally
sufficient by the fact that, at a subsequent meeting of the
same committee held January 5, 1939, the member who had
been recorded as " not voting " for the resolution of Decem-
ber 1, 1938, was recorded as voting for a resolution which
fixed the form of disciplinary action to which appellant
should be subjected and which the committee recommended
to the Department of Education. We regard the suggestion
as without merit. The vote recorded at the meeting of

January 5, 1939, will not serve to give unanimity to the vote recorded upon the resolution of December 1, 1938. The statute provides that " the vote of each member of said committee [shall] be recorded as part of the committee's findings." (§ 1265, subd. 4.) The official minutes of the meeting held on the latter date are before us. They record one member as " not voting " for the resolution by which the Committee on Grievances expressed its determination " on the merits " that the appellant is " guilty of the charges of fraud and deceit in the practice of medicine." Upon those minutes, which concededly do not record the " unanimous vote " of the committee as required by statute, rests the respondent's determination of the appellant's guilt. The procedure prescribed by the Legislature is not thus satisfied.

In an effort to protect the public against the diagnosis and treatment of disease and physical disorders by those unlearned in medical science and untrained in its practical application, the Legislature requires of a medical practitioner that he be licensed. Rigid qualifications must be met before a license may be granted (Education Law, §§ 1251, 1256); rigid statutes define the duties thereafter to be obeyed by the licensee. (Id. § 1264.) Such a license is a valuable right which has been given statutory protection. As the Legislature has protected the public against the quack and the charlatan, so it gives protection to the physician whose license is threatened by charges of professional misconduct. He is to be personally served with any charges and is afforded a hearing before a statutory tribunal; he is given the right to counsel and definite procedure is prescribed by which a determination of the charges may be reached. " The mode or way in which the act shall be done or the determination reached * * * must be strictly pursued, otherwise the act or the determination will be void." (*People ex rel. Lawton* v. *Snell*, 216 N. Y. 527, 534. See, also, 2 Lewis' Sutherland Statutory Construction [2d ed.], § 627, p. 1135; Crawford on Statutory Construction, § 246, p. 482.)

In the present case the determination of the appellant's guilt by the non-unanimous vote of the Committee on Grievances does not conform with the mandatory requirements prescribed by the Legislature in such circumstances. It follows that the order of the Appellate Division should be reversed and the supplemental petition herein granted, with costs in all courts.

LOUGHRAN, FINCH, RIPPEY, SEARS and CONWAY, JJ., concur; LEHMAN, Ch. J., taking no part.

Order reversed, etc.