DUKE v. HELENA-GLENDALE FERRY COMPANY.

4-6669                                   159 S. W. 2d 74

Opinion delivered March 2, 1942.

*Peter A. Deisch* and *K. T. Sutton,* for appellant.

*A. M. Coates,* for appellee.

GRIFFIN SMITH, C. J.   In sustaining a demurrer to the complaint of Ples Duke against Helena-Glendale Ferry Company, a question of law, and questions of law and fact, are presented.  First, we determine whether Phillips circuit court had jurisdiction of the subject matter.[1]

The company's river boat, carrying passengers and automobiles, plies between its wharves on the Arkansas and Mississippi shores, and is therefore engaged in interstate commerce.   Duke, an employe, was assigned the duty of supervising receipt of automobiles.   He directed how cars should be placed on the boat, and collected fares, delivering proceeds to the cashier.   In exchange, tickets were issued, and these were handed to passengers by Duke.   He did not travel across the river.

Duke alleged he was required to work periods in excess of so-called "straight time"; that the uniform wage he received was eleven cents per hour; that increased pay for overtime was denied, and that the accumulated debt was $473.35.  An equal amount as liquidated damages was asked, with reasonable attorney's fee.[2]

*The Court Had Jurisdiction.*—Appellee thinks the Fair Labor Standards Act cannot be administered in a state court because of the penalty, in respect of which trial courts have no discretion; and this, it is urged, is an interference by the state with Title 28, § 371, USCA, where exclusive jurisdiction is vested in federal courts for penalties and forfeitures incurred under laws of the United States.[3]

Appellee cites *Anderson* v. *Meacham*, 62 Ga. App. 145, 8 S. E. 2d 459, a decision clearly sustaining the con-

---

[1] Helena-Glendale Ferry Company will hereafter be referred to as the company, and Duke will be referred to by name, or as appellant.

[2] See "Fair Labor Standards Act of 1938," Act June 25, 1938, c. 676, 52 Stat. 1060 of U. S., Title 29, USCA, § 201, *et seq.*

[3] Appellee cites the following cases in support of the contention that jurisdiction is exclusively in courts of the United States: *Helwig* v. *United States*, 188 U. S. 605, 23SCT. 427, 47 L. Ed. 614; *Pacific Mail Steamship Co.* v. *Schmidt*, 241 U. S. 245, 36 SCT. 581, 60 L. Ed. 982; *Collie* v. *Fergusson*, 281 U. S. 52, 50 SCT. 189, 74 L. Ed. 696; *O'Sullivan* v. *Felix*, 233 U. S. 318, 34 SCT. 596, 58 L. Ed. 980; *Akers* v. *Inman, Akers & Inman,* 11 Ga. Appeals 564, 75 S. E. 908.

tention that state courts are without jurisdiction. This intermediate appellate court thought the employe, having elected to bring his action for a penalty, was restricted to a federal tribunal. A demurrer to the complaint was sustained. But in *Adair* v. *Traco Division,* the supreme court of Georgia [4] refused to follow the court of appeals, notwithstanding it had declined to grant *certiorari.*

In holding that liquidated damages should not be classified as penalties within the meaning of § 371, Title 28, the Georgia supreme court said:

"The only decision to the contrary brought to our attention by counsel (and our own investigation has found none other) is the case of *Anderson* v. *Meacham.* . . . We are not satisfied with the reasons given by the court of appeals for its ruling on this question, nor do the authorities cited by it convince us that the decision is correct. We must decline to follow it." [5]

In the Tennessee case cited in the fifth footnote, *(Tapp* v. *Price-Bass)* Mr. Justice DeHaven, speaking for an undivided court, said that a reasonable inference to be drawn from the Fair Labor Standards Act is that congress intended to afford speedy, convenient, and inexpensive relief to employes who seek to enforce its provisions. "To this end," said the Justice, "it was provided that action to recover the amount of unpaid minimum wages or unpaid overtime compensation, as the case might be, and an additional amount equal as liquidated damages, could be maintained in any court of competent jurisdiction. To construe the words 'any court of competent jurisdiction' to refer to federal courts only, because of the presence of the words 'as liquidated damages,' would, in our opinion, violate the spirit and intention of the Act and effectuate a result, in many instances, of hardship and inconvenience."

[4] 192 Ga. 59, 14 S. E. 2d 466.

[5] *Hart* v. *Gregory,* 218 N. C. 184, 10 S. E. 2d 644, 130 A. L. R. 265; *Tapp* v. *Price-Bass Co.,* 177 Tenn. 189, 147 S. W. 2d 107; *Emerson* v. *Mary Lincoln Candies, Inc.,* 173 Misc. 531, 17 N. Y. S. 2d 851; *Terner* v. *Glickstein & Terner,* 283 N. Y. 299, 28 N. E. 2d 848; *Stringer* v. *Griffin Grocery Co.,* Tex. Civ. App. 149 S. W. 2d 158. [See, also, Michigan Law Review for January, 1941, and 27 Virginia Law Review, 328.]

In referring to the right of an employe to collect more than actual wages, the Tennessee opinion says: "Appellant's contention that the double amount allowed to be recovered under § 16(b), though denominated 'liquidated' damages,' is, in fact, a penalty, and being a penalty is enforceable only in the courts of the United States, is without merit, because whatever its technical nature, congress, by giving it the express statute of 'liquidated damages' manifested a purpose to exclude it from the operation of [Title 28, USCA, § 371] which applies to suits for penalties."

*Stringer* v. *Griffin Grocery Company*, cited in the fifth footnote, was decided in February, 1941. It holds that, under the Fair Labor Standards Act, congress intended that all courts, federal and state, should have concurrent jurisdiction to hear controversies arising under the Act, leaving to complaining employes a determination of the forum in which suit should be brought. It was further held that an employe's action against an employer for unpaid wages or overtime, liquidated damages, and attorney's fee, is not an action for penalty, within the meaning of Title 28, giving federal courts exclusive jurisdiction. The opinion was written by Chief Justice BOND of the Fifth (Dallas) district for an undivided court.

*Cox* v. *Lykes Bros.*, 237 N. Y. 376, 143 N. E. 226, is cited by appellant. It is referred to in a number of the opinions where Title 28, § 371, is discussed. 189 N. Y. S. 268, 198 N. Y. S. 178, 204 App. Div. 442. Mr. Justice CARDOZO, in an opinion concurred in by the entire court, construed § 4529, U. S. Revised Statutes,[6] which allows recovery of double wages where the master, without sufficient cause, fails to pay seamen as directed.

An excerpt from the Cardozo opinion is: "Congress has expressly said that the extra compensation, when due, 'shall be recoverable as wages.' This would seem decisive, without more, that in determining the bounds of jurisdiction it is not to be classified as a penalty. There was no thought that the state courts, which have undoubted jurisdiction to give judgment for wages in the

---

[6] 46 USCA, § 596.

strict sense, should be shorn of jurisdiction to give judgment for the statutory incidents."[7]

A recent case involving jurisdiction was heard in Kansas City.[8] It originated in a justice of the peace court. Wingate claimed he was entitled to $271.86 additional to compensation received, and an equal amount as liquidated damages; also attorney's fee. The cause was removed from a state court, and the proceeding in the federal district court was on motion to remand. A terse opinion was written by Judge MERRILL E. OTIS.[9]

After mentioning that the Fair Labor Standards Act was passed after congress had enacted the legislation embraced within Title 28, § 41, USCA, Judge OTIS said that no opinion had been called to his attention which held that the phrase "any court of competent jurisdiction," as used in § 16(b), 29 USCA, does not include a state court. All of the tendencies of labor legislation, he said, have been to make available the remedies provided to those for whom the remedies were designed: "The amounts usually are small. The places in which federal courts are held are few. . . . If it was not

[7] Continuing, the opinion says: "This conclusion is fortified when we search for the purpose of the statute. The purpose, or at least the predominant one, was not punishment of the master or owner, but compensation to the seaman. Delay means loss of opportunity to ship upon another vessel. It means hardship during the term of the waiting, the sufferer often improvident, and stranded far from home. How much this extra amount should be would be often a troublesome question if it were left open in every case. Hence it might be advisable to have this indefinite element made definite by a general law with reference to which the parties may conclusively be presumed to have contracted, and which therefore should be taken to be the law of the contract."

[8] *Wingate* v. *General Auto Parts Co.*, 40 Fed. Supp. 364. [District court, W. D. Missouri, W. D., Aug. 5, 1941.]

[9] Lawyers of this state will recall that Judge Otis delivered a scholarly address at the May, 1940, meeting of the Bar Association of Arkansas. It was entitled, "The Trial of Socrates," [or] "A Modern Judge Looks at An Ancient Trial." Judge Otis closed with these words: "Across twenty-three centuries we can hear the rattle of the chains. And we can hear the last words [of Socrates] as the shackles are fastened to his limbs; can hear him saying: '. . . we must go hence now; I to die and you to live. Which goes to the happier state is known only to God.'"

intended that state courts should have jurisdiction of these cases, then congress made this Act of slight value to working men, who might easily bring suit in a justice court or other state court in the neighborhood in which they live, but who, if they had to go to some distant city to prosecute the case, would, in effect, be prohibited from seeking a remedy. It was on account of such reasons that the language, 'any court of competent jurisdiction,' was used.''

*Forsyth* v. *Central Foundry Co.,* (Supreme Court of Alabama) [10] is directly in point, but in addition to the general holding that state courts have jurisdiction of the character of litigation here involved, Mr. Justice FOSTER, in an opinion concurred in by three of the other six members of the court, held that a demurrer does not reach an item of damages claimed when other items in the same count are not subject to the defect. In substance, however, the case stands for the following proposition, as expressed in Headnote No. 14, Southern Reporter: ''An Alabama court of general jurisdiction was a 'court of competent jurisdiction' within Fair Labor Standards Act for purposes of hearing employee's action against employer to recover unpaid minimum wages and over-time compensation, liquidated damages, and attorney's fees under the Act, notwithstanding federal statute conferring exclusive jurisdiction on federal courts of all suits for penalties incurred under laws of United States.''

A North Western Reporter's headnote to *Abroe* v. *Lindsay Bros. Co.*[11] (Supreme Court of Minnesota, Oct. 24, 1941) is: ''State courts of competent jurisdiction may entertain actions by employees for liquidated damages for violation of Fair Labor Standards Act, requiring the payment of time and a half for overtime.''[12]

While it is not accurate to say that liquidated damages are not in the nature of penalties, the Act of 1938

[10] 204 Ala. 277, 198 Southern 706.

[11] 300 N. W. 457.

[12] Headnote No. 12 to *Atkocus* v. *Tucker*, 30 N. Y. Supp. 2d 628 (Municipal Court of City of New York, Sept. 11, 1941) is: "An action under Fair Labor Standards Act against plaintiff's former employer to recover unpaid wages for overtime could be maintained in the Municipal Court of the City of New York."

conferring power upon any court of competent jurisdiction does not contain phraseology indicative of an intent by congress to exclude state courts. If the national lawmakers had such design, it would have been very easy to insert the one additional word "federal"—making the provision read, ". . . any *federal* court of competent jurisdiction."

*Was Appellant a Seaman?*—Ruling Case Law [13] defines the word "seamen," as the term is employed in Act of congress classifying them and conferring certain rights.[14] Section 13(a) of the Fair Labor Standards Act expressly excepts seamen from provisions of the legislation. It therefore becomes necessary to determine appellant's status. Will he be relegated to rights conferred by Title 46, USCA, or was the character of work assigned him such as to negative what appellee thinks is conclusive, as a matter of law, that he was a seaman because in collecting fares, delivering tickets to passengers, and supervising the distribution of cars in movements from wharf to deck, he performed services essential to the company's main object—that of transporting persons and goods in interstate commerce?

Although "seaman," says Ruling Case Law, originally included common sailors, the rights of those employed in maritime service have, under uniform rulings of many courts, been extended to include mates, pilots, pursers, surgeons, stewards, engineers, cooks, clerks, carpenters, firemen, and in general, all hands employed on the vessel in furtherance of the main object of the enterprise, except the master.[15]

[13] "Shipping," v. 24, § 198.

[14] Title 46, USCA, §§ 591 to 713. See, in particular, § 596.

[15] "Seaman," as used in § 688, Title 46, USCA, includes stevedores and longshoremen. *International Stevedoring Co.* v. *Haverty,* 47 S. C. 19, 272 U. S. 50, 71 L. Ed. 157, affirming 134 Wash. 235; 235 P. 360; 238 Pa. 581; *Hammond Lumber Co.* v. *Sandin,* 17 Fed. 2d 760, 47 S. C. R. 767, 274 U. S. 756, 71 L. Ed. 1336; *The Lillian,* 16 Fed. 2d 146; *Zarovitch* v. *F. Jarka Co.,* 21 Fed. 2d 187; *Lloyd* v. *T. Hogan & Son,* 219 N. Y. S. 750, 128 Misc. 665; *Roswall* v. *Graves Harbor Stevedore Co.,* 231 Pac. 934, 132 Wash. 274. [These cases are cited by appellee.]

Webster's Dictionary defines "longshoreman" as "A laborer, as a stevedore or loader, who works about the wharves of a seaport."

It is no longer denied that persons working on boats operated on inland lakes or rivers are, or may be, seamen. A quotation from "Shipping," Ruling Case Law, v. 24, § 198, is:

"Mariners are none the less seamen because their vessels operate exclusively on inland waters within the admiralty and maritime jurisdiction of the United States, or between ports on the same state."

Where it is clear that the worker performs an act which gives impetus to movement of a vessel, it is not difficult to agree that such worker becomes a seaman technically, if not actually, because without the physical contribution so made, the boat or ship could not move, or at least it would not move with the same precision or facility. Longshoremen and stevedores are of this group.

The question occurs, Can one who does not travel with a vessel, and whose duties relate only to loading, as distinguished from one who contributes to its movements, become a seaman by the mere fact of employment and discharge of the limited duty?

In the circumstances with which we are dealing, Duke's acts relate to the financial status of trips from Arkansas to Mississippi. Suppose, instead of working between wharf and boat, he had been a gatekeeper on top of the levee, where fares were collected, and where automobile owners were directed to park their cars on deck; or suppose appellant were in charge of appellee's office in Helena and arranged with travelers for their transportation across the water:—could it be said that such an one *ipso facto* became a seaman? We doubt the conclusion would be sound.

Each Act—that protecting seamen, and the Fair Standards Labor Law—was intended as protection of those who without special legal remedies, were deprived of certain standards thought by the federal government to be essential to economic wellbeing, and each Act must

be liberally construed in favor of the end sought to be attained.

As has often been said, lawful rights of the citizen, whether arising from a legitimate exercise of state or national power (unless excepted by valid legislation to that effect) are subject to concurrent enforcement in courts of the state or nation when such rights come within the general scope of jurisdiction conferred by the authority creating them, and this is true whether such authority is derived from the national constitution, or from a state's fundamental charter.[16]

It is not without misgivings, and a realization that there is a twilight zone which separates "seamen," so-called, from workers who are to be treated as a distinct class under the Fair Labor Standards Act, that we conclude (from admissions made by the demurrer) appellant was not a seaman.

The judgment is reversed, and the cause is remanded with directions to permit the plaintiff to present his case.

---

[16] *Minneapolis & St. Louis R. Co.* v. *Bombolis*, 241 U. S. 211, 36 S. Ct. 595, 598, 60 L. Ed. 961, Ann. Cas. 1916E, 505, L. R. A. 1917A, 86; *Pennsylvania R. Co.* v. *Puritan Coal Co.*, 237 U. S. 121, 35 S. Ct. 484, 59 L. Ed. 867; *Galveston, H. & San Antonio Ry. Co.* v. *Wallace*, 223 U. S. 481, 32 S. Ct. 205, 56 L. Ed. 516; *Grubb* v. *Public Utilities Comm.*, 281 U. S. 470, 50 S. Ct. 374, 47 L. Ed. 972; *Claflin* v. *Houseman*, 93 U. S. 130, 23 L. Ed. 833; *State of Missouri ex rel.* v. *Taylor*, 266 U. S. 200, 45 S. Ct. 47, 69 L. Ed. 247, 42 A. L. R. 1232; *Raisler* v. *Oliver*, 97 Ala. 710, 12 So. 238, 38 Am. St. Rep. 213; *Middleton* v. *St. L. & S. F. R. Co.*, 228 Ala. 323 (5), 153 So. 256; 14 Am. Jur. 440, 441, § 247, note 17, *et seq.*; 21 C. J. S. Courts, § 526, p. 797, note 78, p. 798, note 4; *St. Louis, I. M. & S. Ry. Co.* v. *Hesterly*, 98 Ark. 240, 138 S. W. 874, reversed (1913) 33 S. Ct. 703, 228 U. S. 702, 57 L. Ed. 1031.