149 So.2d 578 (1963)
UNITED STATES FIDELITY AND GUARANTY COMPANY, a foreign corporation, individually and for the Use and Benefit of Annie B. Berdeaux, Appellant,
v.
REED CONSTRUCTION CORPORATION, a Florida corporation, and Harold B. Ross, Appellees.
No. 62-275.
District Court of Appeal of Florida. Third District.
February 12, 1963.
*579 Fowler, White, Gillen, Humkey & Trenam, and Henry Burnett, Miami, for appellant.
Dixon, DeJarnette, Bradford, Williams, McKay & Kimbrell, Miami, for appellees.
Before PEARSON, TILLMAN, C.J., and CARROLL and HORTON, JJ.
HORTON, Judge.
The appellant, plaintiff below, seeks review of an adverse final order of dismissal in a wrongful death action. We reverse.
The complaint alleged, inter alia, that Virgil Berdeaux, the deceased, was a passenger on a motor vessel owned by the appellee, Reed Construction Corporation, and operated by its employee, the appellee Ross, and that, due to the negligence and carelessness of Ross, the vessel struck a stump marker in Biscayne Bay with resultant injuries to the deceased which ultimately caused his death.
Section 768.01, Fla. Stat., F.S.A., in pertinent part provides:
"Whenever the death of any person in this state shall be caused by the wrongful act, negligence, carelessness or default of any individual * * * or * * * corporation * * * (or by the wrongful act, negligence, carelessness or default of any ship, vessel or boat or persons employed thereon), and the act, negligence, carelessness or default, is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action (or to proceed in rem against the said ship, vessel or boat, or in personam against the owners thereof, or those having control of her) and to recover damages in respect thereof, then and in every such case the person or persons who, or the corporation (or the ship, vessel or boat), which would have been liable in damages if death had not ensued, shall be liable to an action for damages (or if a ship, vessel or boat, to a libel in rem, and her owners or those responsible for her wrongful act, negligence, carelessness *580 or default, to a libel in personam) * * *."
The trial judge in effect construed this statute as creating a cause of action for a death resulting from a maritime tort committed on the navigable, territorial waters of the State of Florida, cognizable only in an appropriate federal district court in the form of a libel in rem against the vessel, or a libel in personam against her owners. In so doing, he relied heavily upon Young v. Clyde S.S. Co., 294 F. 549, 552 (S.D.Fla. 1923), where, in discussing the Florida Death by Wrongful Act statute, the court said:
"So far as the act is concerned with maritime torts, it does not furnish alternative or cumulative remedies; that is to say, the remedy by action at law, or the remedy by libel, or by both. * * * It seems plain that, when the death is caused by the negligence or wrongful act, nonmaritime, of an individual or individuals, or of a corporation, or any agent of a corporation, then the person or persons who, or the corporation which, would have been liable in damages if death had not ensued, shall be liable in action for damages. But if the death is caused by the negligence or wrongful act of any ship, vessel, or boat, or person employed thereon, the ship or vessel shall be liable in rem, and her owners or those responsible for her wrongful act, negligence, etc., to a libel in personam. * * * I think it is evident that the Legislature has provided for the right of action on account of wrongful death caused by maritime tort, and that there the remedy is by libel, while in nonmaritime cases the right of action is at law."
The appellant contends that this construction is erroneous and that § 768.01, supra, in fact creates a right of action for wrongful death caused by maritime tort which is cognizable in the courts of Florida as well as the federal district courts. We agree.
The right of action for wrongful death did not exist at common law. It exists in Florida only by virtue of § 768.01, supra. Chamberlain v. Florida Power Corporation, 144 Fla. 719, 198 So. 486; Louisville & N.R.R. Co. v. Jones, 45 Fla. 407, 34 So. 246. This being true, the right is limited by, and should not be extended beyond, the meaning of the terms used for its creation. However, since the statute is remedial in nature, it should be liberally construed so as to give full effect to the right. Nolan v. Moore, 81 Fla. 594, 88 So. 601; see also, Latimer v. Sears Roebuck and Company, 285 F.2d 152, 86 A.L.R.2d 307 (5 Cir., 1960). The construction placed upon this statute by the trial judge, and by the court in Young v. Clyde S.S. Co., supra, does not accomplish this end for it impairs the right by placing strict limitations upon its exercise.
Section 768.01 is comprehensive and well written. It speaks in terms of the party or thing inflicting the wrong, the rights of the injured person had he survived, and the legal remedies available for redress. In each of these areas specific note is taken of maritime injuries and the unique remedies available only in admiralty. We construe this, not as an attempt to circumscribe the remedy available in maritime cases, but, rather as a recognition that wrongful deaths could or would occur on waters within the jurisdiction of both the Florida and federal courts[1] and a provision *581 that in such cases the right could be exercised in either forum.
Accordingly, the order appealed is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
CARROLL, J., dissents.
NOTES
[1] In admiralty, as in the common law, in the absence of statute, there exists no right of action for wrongful death. Norris, Maritime Personal Injuries, § 125; The E.B. Ward, Jr., C.C., 5 Cir., 16 F. 255. Congress has created a cause of action for the death of seamen by the Jones Act, 46 U.S.C.A. § 688, and for a death on the high seas by the Death on the High Seas Act, 46 U.S.C.A. § 761 et seq., neither of which would be available to the appellant. Where death occurs on, or as a result of injuries received by a passenger on navigable waters within a state, as was the case here, the federal district courts will enforce the right created by the state wrongful death statute, in which case the issues are determined in accordance with the substantive law of the state. Goett v. Union Carbide Co., 361 U.S. 340, 80 S.Ct. 357, 4 L.Ed.2d 341; Ness v. United States, 361 U.S. 314, 80 S.Ct. 341, 4 L.Ed.2d 304; The Tungus v. Skovgaard, 358 U.S. 588, 79 S.Ct. 503, 3 L.Ed.2d 324; Graham v. A. Lusi, Limited, (5 Cir., 1953) 206 F.2d 233; Graff v. Parker Bros. & Co., (5 Cir., 1953) 204 F.2d 705; 1 Benedict on Admiralty, 6th Ed., 392, § 148; Norris Maritime Personal Injuries, 373, et seq., §§ 130, 131, or recovery may be had in an action in personam brought in the common law court. Great Lakes Co. v. Kierejewski, 261 U.S. 479, 43 S.Ct. 418, 67 L.Ed. 756; Atlantic Transport Co. v. State of Maryland to use of Szczesek, 234 U.S. 63, 34 S.Ct. 736, 68 L.Ed. 1213, Sherlock v. Alling, 93 U.S. 99, 23 L.Ed. 819; Steamboat Co. v. Chase, 16 Wall. 522, 21 L.Ed. 369; State of Maryland, to the Use of Szczesek v. Hamburg-American Steam Packet Co. (D.C.) 190 F. 240; The City of Norwalk (D.C.) 55 F. 98; Roswall v. Grays Harbor Stevedor Co., 132 Wash. 274, 231 P. 934.